# United States Court of Appeals
# For the Eleventh Circuit

No. 18-10953-A

**CROWLEY MARITIME CORPORATION**

Plaintiff/Appellant

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.**

Defendant/Appellant

On Appeal From A Judgment Of The
United States District Court For The Middle District of Florida
At Civil Action No. 3:16-cv-01011-TJC-JBT

**APPENDIX OF APPELLEE
VOLUME I OF I**

Michael P. Duffy, *admitted pro hac vice*
Scarlett M. Rajbanshi, *admitted pro hac vice*
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 951-2100
mduffy@peabodyarnold.com
srajbanshi@peabodyarnold.com

# INDEX OF APPELLEE'S APPENDIX

**Document Description** **Docket/Tab #**

## VOLUME I

Declaration of Michael P. Duffy………………………….. 37-1

UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF FLORIDA

CROWLEY MARITIME CORPORATION,

Plaintiff

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

Defendant

C.A. NO. 3:16-cv-1011-J-32JBT

## DECLARATION OF MICHAEL P. DUFFY, ESQ.

I, Michael P. Duffy, do hereby depose and say the following:

1. I am counsel to defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") in this matter. I have personal knowledge of the facts stated herein.

2. Attached as Exhibit 1 to this Declaration is a copy of an email dated November 17, 2015 from Crowley's broker to Michele Graffeo that was produced as part of National Union's document production in this matter.

3. Attached as Exhibit 2 to this Declaration are copies of certain pages from the transcript of the March 14, 2017 deposition of Ty Sagalow.

4. Attached as Exhibit 3 to this Declaration are copies of certain pages from the transcript of the March 17, 2017 deposition of Michele Graffeo.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 9th DAY OF MAY, 2017.

_____
Michael P. Duffy

SUBSCRIBED AND SWORN BY ME
THIS 9th DAY OF MAY, 2017

_____
(NOTARY PUBLIC)

MY COMMISSION EXPIRES: 9-1-17.



HELEN M. CAMPBELL
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
September 1, 2017

2

# EXHIBIT 1

REDACTED



**From:** Rasool, Timothy [mailto:Timothy.Rasool@willis.com]
**Sent:** Tuesday, November 17, 2015 6:32 PM
**To:** Graffeo, Michele
**Subject:** RE: Crowley - AIG Meeting Agenda

Michele,

Please see attached Affidavit.

**Timothy A. Rasool, Vice President, FINEX North America**
Willis Americas Administration, Inc., ., Concourse Corporate Center Five, 18th Floor, Atlanta, GA 30328, USA
Direct: 404-224-5165, Mobile: 404-667-9166, timothy.rasool@willis.com, www.willis.com

Follow us on social media -- and the WillisWire blog

1

# EXHIBIT 2

Page 1

```
 1
 2    UNITED STATES DISTRICT COURT
 3    MIDDLE DISTRICT OF FLORIDA
 4    Case No. 3:16-cv-01011-TJC-JBT
 5    ------------------------------------)
 6    CROWLEY MARITIME CORPORATION,
 7                Plaintiff,
 8          vs.
 9    NATIONAL UNION FIRE INSURANCE
10    COMPANY OF PITTSBURGH, P.A.,
11                Defendant.
12    ------------------------------------)
13
14
15          DEPOSITION OF TY SAGALOW
16              New York, New York
17              March 14, 2017
18
19
20
21
22    Reported by:
23    Linda Salzman, RPR
24    Job No. 121099
25
```

1  T. Sagalow
2  table, I answer your questions by using
3  that phrase.
4    Q.   Are you aware of any instances
5  in which National Union or any AIG company
6  ever took the position that a claim was
7  made before the policy period even though
8  the insured didn't know about it?
9       MR. SHUGRUE:  Object to the
10    form.
11   A.   I don't know, but I wouldn't be
12 surprised because again you look at the
13 definition of claim.  And the definition
14 of claim sometimes requires awareness by
15 the insured of the existence of the claim.
16 Sometimes the language does not require
17 awareness of the insured of the existence
18 of the claim.
19   Q.   Are you aware of any cases in
20 which any other insurer ever took the
21 position that a claim was made against the
22 insured before the policy period even
23 though the insured didn't know about it?
24   A.   I answer the same way.
25   Q.   Would you look in Exhibit 3 at

1   T. Sagalow
2   this case is when did that timing issue
3   occur.
4         And my interpretation of (b)(3)
5   is that that timing issue occurred in
6   April of 2008, and I believe Mr. Newman,
7   at least in paragraph 34 of his report,
8   agrees that the DOJ investigation, the FBI
9   affidavit was made in April of 2008, and I
10  certainly agree with him on that point.
11      Q.    There's nothing in the language
12  of the definition of claim which talks
13  about -- which uses the phrase "claim
14  being made"?
15      A.    Correct.  These are alternative
16  phrases that result in the same concept.
17      Q.    In part 1 of the definition, is
18  there any timing aspect there?
19      A.    There is no timing aspect in 1.
20  There is a timing aspect in (2).  There is
21  a timing aspect in (3).  Yes, there is a
22  timing aspect in (2)(i), (2)(ii),
23  (3)(iii), i.e. all of (2), (3)(i) and
24  (3)(ii).
25      Q.    So under part 1 of the

1  T. Sagalow
2  definition, how do you tell when the claim
3  was made?
4  A.   So fascinating question, right.
5  So here the carrier is taking, I think, a
6  practical view, which is when is a written
7  demand made.
8      I think that most carriers would
9  take the point of view that a written
10 demand is made when it's received, but the
11 language doesn't say so.  And it would be
12 an interesting case where there was a
13 written demand that was written out,
14 drafted, kept in a drawer, and then given
15 to the insured until years later.
16     I think if that actually
17 happened a few times, the industry would
18 change (b)(1) to add language to a written
19 demand for monetary or nonmonetary relief
20 when, when it was served, when it was
21 given, when it was written.
22     Right now it does not have an
23 expressed timing issue in (b)(1).
24 Q.   But in this scenario that you
25 just hypothesized, which is a demand

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CROWLEY MARITIME CORPORATION, )
                              )
        Plaintiff             ) Case No.:
                              ) 3:16-cv-010110TJC-JBT
                              )
        v.                    )
                              )
NATIONAL UNION FIRE INSURANCE )
COMPANY OF PITTSBURGH, PA.,   )
                              )
        Defendant.            )
- - - - - - - - - - - - - - - -

**CERTIFIED COPY**

DEPOSITION OF MICHELE GRAFFEO

New York, New York

Friday, March 17, 2017

Reported by: Lisa M. Muraco

Job No: 121003

1                   M. Graffeo

2     format of the invoices.

3          Q.    Do you recall when National Union

4     started actually paying invoices after the

5     retention had been eroded?

6          A.    I believe I had received a letter

7     from Mr. Ficon and said that he had sent

8     559,000 and that's -- which was providing

9     evidence that the retention had been satisfied.

10    And once we received -- we had received

11    invoices, which is proof that he, you know,

12    there were invoices and that once he had told

13    us that he had paid that 500, we started to pay

14    and reimbursed Mr. Crowley for the additional

15    59,000 that he had paid over the retention.

16         Q.    Do you recall approximately when

17    that was?

18         A.    It was either the latter part -- I

19    think it was in 2014, not latter part, the

20    latter part of 2013 or sometime in the

21    beginning of 2014.

22         Q.    Do you recall whether Crowley

23    submitted invoices for work done by Mark

24    Rosenblum in order to erode the $500,000

25    retention?

# CERTIFICATE OF SERVICE

I, Scarlett M. Rajbanshi, do hereby certify service by Federal Express, postage prepaid, of two (2) paper copies of the foregoing Appendix of Appellee upon the following clerk of court, this 20th day of July, 2018:

Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

I hereby certify that a true and correct copy of the foregoing Appendix of Appellee was filed with the Clerk of Court using the CM/ECF system which will serve a Notice of Docket Activity on this 20th day of July, 2018 to the following:

John Shugrue
Emily Garrison
Reed Smith LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606

Charles B. Lembcke
8550 Cathedral Oaks Place West
Jacksonville, FL 32217

/s/ Scarlett M. Rajbanshi
Scarlett M. Rajbanshi

1432529_1
9500-94066