No. 18-10953-A

**In The United States Court Of Appeals
For The Eleventh Circuit**

**CROWLEY MARITIME CORPORATION**

*Plaintiff-Appellant / Petitioner,*

**v.**

**NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,**

*Defendant-Appellee / Respondent.*

Appeal from the Judgment of the  United States District Court for the
Middle District of Florida, Civil Action No. 3:16-cv-01011-TJC-JBT

**PETITION FOR REHEARING *EN BANC***

John D. Shugrue
Thomas A. Marrinson
Emily E. Garrison
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
jshugrue@reedsmith.com
tmarrinson@reedsmith.com
egarrison@reedsmith.com

*Counsel for Petitioner Crowley Maritime Corporation*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Plaintiff-Appellant / Petitioner Crowley Maritime Corporation hereby makes the following statements pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Circuit Rule 26.1-1.

### Certificate of Interested Persons

The following persons and business entities have an interest in the outcome of this appeal:

1.    Bloom, Jason B., counsel for Appellee

2.    Corrigan, Timothy J., the Honorable District Court Judge

3.    Crowley Holdings, Inc., parent corporation of Appellant

4.    Crowley Maritime Corporation, Appellant

5.    Duffy, Michael P., counsel for Appellee

6.    Garrison, Emily E., counsel for Appellant

7.    Johnson, Stephen Hunter, counsel for Appellee

8.    Law Office of Charles B. Lembcke, PA, counsel for Appellant

9.    Lembcke, Charles B., counsel for Appellant

10.    Marrinson, Thomas A., counsel for Appellant

11.    National Union Fire Insurance Company of Pittsburgh, PA, Appellee

12.    Peabody & Arnold LLP, counsel for Appellee

13.    Rajbanshi, Scarlett M., counsel for Appellee

14.    Reed Smith LLP, counsel for Appellant

15.    Shugrue, John D., counsel for Appellant

16.    Toomey, Joel B., the Honorable District Court Magistrate Judge

## Corporate Disclosure Statement

Petitioner / Appellant Crowley Maritime Corporation is a privately held corporation and is not publicly traded. Petitioner / Appellant Crowley Maritime Corporation is wholly owned by Crowley Holdings, Inc. No publicly-held corporation owns 10% or more of Petitioner / Appellant Crowley Maritime Corporation. No publicly traded company or corporation has an interest in the outcome of this case or appeal.

# RULE 35 STATEMENT OF COUNSEL

I express a belief, based on a reasoned and studied professional judgment, that the panel's decision in this matter conflicts with prior Eleventh Circuit precedent regarding the doctrine of issue preclusion because it: (1) relies on the preclusive effect of a prior arbitration proceeding between the parties that was declaratory in nature; (2) imposes issue preclusion as to a contractual interpretation issue that was not addressed by that prior proceeding; and (3) resolved the equity requirement of issue preclusion by assuming the outcome of the very contractual interpretation issue that the panel chose to avoid addressing by applying issue preclusion.

I also express a belief, based on a reasoned and studied professional judgment, that this appeal involves the following question of exceptional importance: whether an insured can be deprived of coverage under a claims-made policy because it is unable to provide a copy of a sealed document to its insurer during the reporting period of the policy, even where the insurer is aware of the existence of the document and the fact that it is unavailable to the insured.

/s/ *John D. Shugrue*
Counsel for Plaintiff-Appellant / Petitioner,
Crowley Maritime Corporation

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ........................................................................ i

RULE 35 STATEMENT OF COUNSEL ............................................................. iii

STATEMENT OF THE ISSUES .......................................................................... 1

PRIOR PROCEEDINGS AND DISPOSITION OF THE CASE ........................ 2

REASONS TO GRANT THE PETITION ............................................................ 4

    I.     The Panel's Decision Conflicts with Prior Eleventh Circuit Precedent. ........................................................................................... 4

    II.    The Panel's Decision Involves an Issue of Exceptional Importance Because It Would Deprive Insureds of Claims-Made Coverage for Sealed Proceedings. ............................................................................ 11

CONCLUSION .................................................................................................. 12

CERTIFICATE OF COMPLIANCE WITH RULE 35(b)(2) ............................. 14

CERTIFICATE OF SERVICE ........................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brown v. R.J. Reynolds Tobacco Co.*,
611 F.3d 1324 (11th Cir. 2010) ............................................................4

*Buckley Towers Condo, Inc. v. QBE Ins. Corp.*,
395 F. App'x 659 (11th Cir. 2010) ......................................................12

*Crowley Mar. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
18-10953, 2019 WL 3294003 (11th Cir. July 23, 2019) (Ex. A
hereto) ...............................................................................................*passim*

*Empire Fire & Marine Ins. Co. v. J. Transp., Inc.*,
880 F.2d 1291 (11th Cir. 1989) ......................................................5, 7, 8

*Hercules Carriers v. Claimant State of Florida*,
768 F.2d 1558 (11th Cir. 1985) ............................................................5

*Holt v. Brown's Repair Serv., Inc.*,
780 So.2d 180 (Fla. 2d DCA 2001) ......................................................4

*Martinez v. Mkt. Traders Inst., Inc.*,
757 Fed. Appx. 815 (11th Cir. 2018) ....................................................4

*Matter of McWhorter*,
887 F.2d 1564 (11th Cir. 1989) ............................................................5

*Pearce v. Sandler*,
219 So.3d 961 (Fla. 3d Dist. Ct. App. 2017) ........................................4

## STATEMENT OF THE ISSUES

The panel's decision in this case deprives insureds of claims-made insurance coverage when they incur costs in defending themselves against criminal and other proceedings initiated against them through the filing of sealed documents. The panel held that even though the insured, Crowley Maritime Corporation ("Crowley"), notified its insurer, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") of the filing of the sealed document during the policy period, Crowley was precluded from demonstrating that such notice met the reporting requirements of the policy. The panel's holding on this issue was based solely on the preclusive effect of a prior arbitration proceeding between the parties that was declaratory in nature and that did not resolve this contract interpretation issue as a necessary and critical part of the arbitration. Moreover, the panel's application of the "equity prong" of issue preclusion assumed the correctness of the very contract interpretation issue that the panel declined to address on the basis of issue preclusion. For these reasons, the panel's opinion is inconsistent with prior Eleventh Circuit precedent regarding issue preclusion. The issues are:

1.      Whether the Panel erred in ruling that a prior arbitration proceeding between Crowley and National Union that was declaratory in nature resolved the issue of whether Crowley complied with the reporting provisions of its insurance

policy where Crowley could not access the sealed search warrant affidavit that constituted the Claim against an insured.

2.    Whether the panel's decision conflicts with Eleventh Circuit precedent that permits the application of issue preclusion only to issues that were a "critical and necessary part" of the judgment in the earlier proceeding.

3.    Whether the panel's decision conflicts with Eleventh Circuit precedent because it failed to properly address the "equity prong" of the test for determining whether issue preclusion should be applied.

## PRIOR PROCEEDINGS AND DISPOSITION OF THE CASE

This case arises from National Union's refusal to reimburse Crowley for approximately $2.5 million in defense costs it paid in response to a criminal investigation of Thomas Farmer, a former employee of a Crowley subsidiary, who ultimately was exonerated of any wrongdoing after a full trial. Crowley took the position that publicly available information and facts surrounding the filing of a sealed search warrant affidavit were sufficient to indicate that Mr. Farmer was the target of an investigation and that there thus was a Claim against him. *Crowley Mar. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 18-10953, 2019 WL 3294003, at *2 (11th Cir. July 23, 2019) (Ex. A hereto). National Union disagreed. *Id.*

Following National Union's refusal to provide coverage, Crowley instituted an arbitration proceeding against National Union (the "Arbitration"). *Id.* at *3. The

Arbitration panel framed the "decisive issue" it addressed as whether the documents that had been made available to Crowley and presented to National Union at the time of the Arbitration were "sufficient to constitute a 'Claim' as that term is defined" in the Policy. (See Arb. Decision and Award, ECF No. 36-7, at 5.) The Arbitration panel issued its Award on January 13, 2013, finding that the specific documents that had been submitted to National Union as of the time of the Arbitration did not constitute a Claim. *Crowley*, 2019 WL 3294003, at *3. The Award did not address the adequacy of Crowley's efforts to comply with the reporting provisions of the policy. To the contrary, because the arbitrators found that there was no evidence of a "Claim," they had no occasion to address, let alone resolve, the issue of whether the reporting obligations that pertain to Claims had been met.

On August 8, 2016, Crowley filed this action in the Middle District of Florida. National Union filed a motion to dismiss Crowley's complaint on October 14, 2016, which the District Court subsequently converted into a motion for summary judgment. *Id.* at *4. After an opportunity for discovery, briefing, and oral argument, on February 8, 2018, the District Court entered its Order granting the motion. *Id.* On February 9, 2018, the District Court entered judgment in favor of National Union. *Id.*

Crowley filed a timely appeal of the District Court's decision. On July 23, 2019, the panel resolved the appeal in favor of National Union. *Crowley*, 2019 WL

3294003. In resolving the appeal, the panel declined to determine when a Claim was "first made" against Mr. Farmer. *Id. at* *8 ("We need not—and expressly do not—resolve this dispute between the parties…."). Instead, the panel ruled that even if the sealed search warrant affidavit was a Claim first made during the reporting period of the policy, it was not reported to National Union during the reporting period or, more precisely, that Crowley was precluded from arguing that a Claim was reported to National Union during the reporting period because the January 2013 Arbitration already had resolved that issue against Crowley. *Id.* at 8-11.

## REASONS TO GRANT THE PETITION

## I. The Panel's Decision Conflicts with Prior Eleventh Circuit Precedent.

The panel's decision conflicts with prior Eleventh Circuit Precedent in three ways. First, under Eleventh Circuit precedent applying Florida law, issue preclusion is applied to an issue only if the issue was a "critical and necessary part of the prior determination." *See, e.g., Brown v. R.J. Reynolds Tobacco Co.,* 611 F.3d 1324, 1333 (11th Cir. 2010) (citing *Holt v. Brown's Repair Serv., Inc.,* 780 So.2d 180, 182 (Fla. 2d DCA 2001)); *Martinez v. Mkt. Traders Inst., Inc.*, 757 Fed. Appx. 815, 817 (11th Cir. 2018) (citing *Pearce v. Sandler*, 219 So.3d 961, 965 (Fla. 3d Dist. Ct. App. 2017)).

Second, the panel disregarded Eleventh Circuit precedent holding that decisions, like the Arbitration award, of a declaratory nature, present a "special

problem" of issue preclusion, requiring special care to be taken so that issue preclusion is applied only to those issues in the prior proceeding that are actually litigated and necessary to the prior outcome. *See, e.g., Empire Fire & Marine Ins. Co. v. J. Transp., Inc.*, 880 F.2d 1291, 1296 (11th Cir. 1989) (requiring that issue in prior proceeding was "actually litigated" and ruling on that issue was "necessary" to the result reached).

Third, the panel failed to give proper consideration to principles of equity, as required under Eleventh Circuit precedent, when it resolved the equity issue by assuming the outcome of the very contract interpretation issue it had avoided by applying issue preclusion. *See, e.g.*, *Hercules Carriers v. Claimant State of Florida*, 768 F.2d 1558, 1582 (11th Cir. 1985); *Matter of McWhorter*, 887 F.2d 1564, 1566 (11th Cir. 1989).[1]

In derogation of prior Eleventh Circuit precedent, the panel applied issue preclusion to make a determination regarding an issue – whether Crowley had complied with the reporting provisions of the policy – that was not even presented, let alone resolved, by the Arbitration. The panel's own description of the Arbitration makes clear that the panel could not find language in the Arbitration award that

---

[1] Crowley acknowledges that *Hercules Carriers* and *Matter of McWhorter* involve application of federal law, rather than Florida law, and that both cases refer to "issue preclusion" as "collateral estoppel," but there does not appear to be any difference in how the Eleventh Circuit and Florida courts address the requirement that equitable principles be considered in determining whether to apply issue preclusion.

directly addressed the question the panel sought to resolve via issue preclusion, and that the panel instead "construed" the award in a manner inconsistent with the arbitrators' own description of the issue they had resolved:

> ***The arbitrators defined the issue as whether the joint FBI/DOJ investigation, as evidenced by the materials provided to National Union on or before December 31, 2012, was sufficient to constitute a Claim under the Policy***… After defining the issue, the arbitrators went on to conclude that the April 2008 Notice and other materials submitted to National Union on or before December 31, 2012 "did not constitute a Claim for Insured Persons as the term 'Claim' is defined in the Policy" and that "[t]he triggering event specified in the Policy ha[d] not yet been presented to National Union." ***We construe this to mean the arbitrators found that Crowley had not, based on the information in the hearing record as of December 31, 2012, reported a Claim*** to National Union as required by the Policy.

*Crowley*, 2019 WL 3294003, at *10 (11th Cir. July 23, 2019) (emphasis added). The panel thus converted a finding on one issue – whether there was a Claim – to a finding on an entirely different issue – whether Crowley had complied with the reporting provisions of the policy.

The above passage from the panel's opinion demonstrates the infirmity of the panel's application of issue preclusion. The panel recognized that the initial issue to be resolved in the Arbitration was whether certain documents constituted a "Claim." Once this issue was resolved against Crowley, as it was, there was no reason for the arbitrators to explore whether Crowley had complied with the reporting provisions of the policy. The arbitrators' finding that there was no "Claim" mooted the issue

of whether there had been compliance with the reporting provisions. For this reason, any conclusion as to whether Crowley complied with the reporting provisions was neither "critical" nor "necessary" to the arbitration panel's determination. To the contrary, had such a determination even been made (and it was not), that determination would have been entirely superfluous. Having found that the documents were not a "Claim," the arbitrators had no occasion to, and did not, explore Crowley's compliance with reporting provisions. By failing to apply issue preclusion only to issues that were both critical and necessary to the arbitration determination, the panel departed from Eleventh Circuit precedent.

The panel also failed to follow Eleventh Circuit precedent regarding application of issue preclusion to declaratory proceedings. The Arbitration was in the nature of a declaratory proceeding because Crowley filed the Arbitration before the underlying criminal proceeding against Mr. Farmer was concluded and it could get access to the search warrant affidavit. The law has long recognized that both insurers and insureds seek declarations of insurance policy rights and obligations before final disposition of an underlying claim and has limited how *res judicata* and issue preclusion apply to such proceedings. *See, e.g, Empire Fire & Marine Ins. Co. v. J. Transp., Inc.,* 880 F.2d 1291, 1296 (11th Cir. 1989) ("ordinary principles of *res judicata* cannot be applied automatically to declaratory judgments").

Here, faced with Mr. Farmer's mounting legal bills during a long-running criminal investigation, National Union's refusal to pay, and no certainty as to when the search warrant affidavit would be unsealed and made available to Crowley, it was entirely appropriate for Crowley to try to obtain relief against National Union when it did, based on the documents available at the time.

To prevent an unfair application of issue preclusion in the analogous scenario of declaratory judgment actions, the Eleventh Circuit has held that re-litigation will be barred only as to issues "actually litigated" and "necessary to the judgment." *Id.* Here, the actual issue litigated in the Arbitration was whether the documents presented to National Union and the Arbitration panel were, in and of themselves, a Claim. The arbitrators made no determination regarding the reporting provisions of the policy whatsoever, let alone that the reporting provisions of the policy required that the documents constituting the Claim actually be presented to the insurer. By contrast, that issue was squarely presented by Crowley's Eleventh Circuit appeal, but the panel declined to address it head-on and instead applied issue preclusion.

Finally, the panel also failed to properly apply equitable principles, as required by Eleventh Circuit precedent, in summarily rejecting Crowley's argument on those principles. On this issue, the panel held as follows:

> We also summarily reject Crowley's argument that application of preclusion principles in this case would be inequitable. To conclude otherwise would require us to ignore not only the contractual language of this particular Policy, but also the

customary nature of claims-made insurance policies, in which "coverage depends on the claim being discovered and reported to the insurer during the policy period." Country Manors Ass'n, Inc. v. Master Antenna Sys., Inc., 534 So. 2d 1187, 1194 (Fla. 4th DCA 1988). We add only that parties worried about the difficulties associated with timely discovering or reporting claims under a claims-made policy—as a result of the judicial sealing of a probable cause affidavit or otherwise—could conceivably negotiate special terms or enter into a more costly but less predictable occurrence-based insurance policy, under which coverage would be effective "regardless of the date of discovery or the date the claim is made or asserted." Gulf Ins. Co., 433 So. 2d at 514 (citations omitted).

Crowley, 2019 WL 3294003, at *11.

Having failed to construe the policy language at issue, and having instead relied on issue preclusion, the panel's conclusion that Crowley's equity argument would "require us to ignore … the contractual language of this particular Policy" makes no sense. How could the panel resolve the question of whether issue preclusion should apply to an issue of contractual interpretation by assuming the answer to the very same contractual interpretation issue it refused to consider? Likewise, the panel's rationale that an insured "could conceivably negotiate special terms" or buy an entirely different type of policy begs the question of why an insured should have to consider doing so if, as Crowley argued, the policy it actually purchased did not, as a matter of contractual interpretation, mandate the result that the panel found on the basis of issue preclusion. What's more, there is nothing in the record to indicate that the hypothetical policy the panel conjured from thin air is

actually available in the directors' and officers' liability insurance market at any price. In sum, the panel's "application" of equitable principles did not apply those principles at all.

Had the panel actually followed Eleventh Circuit precedent and applied principles of equity to the question of whether issue preclusion was proper, it would have reached a different conclusion. This case raised a question that arose from unusual circumstances that the policy drafted by National Union fails to adequately address: what happens when there is, in fact, a Claim against an insured, but the insured is unable to obtain the document that constitutes the Claim? Here, Crowley did not simply ask National Union to "take its word for it." Every indication was that Mr. Farmer faced a Claim, but Crowley could not forward the actual document establishing the existence of the Claim to National Union while it remained under seal. Because Crowley did everything it could possibly have done under the circumstances — including promptly notifying National Union of the investigation involving Mr. Farmer and providing National Union a copy of the search warrant, which expressly identified the existence of the under-seal Claim — and the panel did not interpret the policy to require anything more, the application of issue preclusion did not result in an equitable result under these circumstances.

**II.    The Panel's Decision Involves an Issue of Exceptional Importance Because It Would Deprive Insureds of Claims-Made Coverage for Sealed Proceedings.**

Because the panel applied issue preclusion, it failed to analyze or apply the reporting provisions of the policy, which contains no requirement that Crowley's notice "of a Claim" actually include a copy of the document that identifies an insured person as an individual against whom a criminal proceeding may be commenced. The express language of the policy only requires "written notice to the Insurer of a Claim first made against any Insured…." Crowley, 2019 WL 3294003, at *6.  There is no requirement in the policy that the insured forward the document that constitutes the evidence that a Claim has been made, let alone a requirement that such evidence be included with notice when it is under court seal and hence unavailable through no fault of the insured.

Other parts of the policy demonstrate that National Union knew how to include a requirement that such evidence be included with a notice of Claim.  Indeed, the Notice of Circumstances clause, unlike the notice of Claim provision, requires that an Insured "shall give written notice to the Insurer of the circumstances, the Wrongful Act allegations anticipated and the reasons for anticipating such a Claim, with full particulars as to dates, persons and entities involved." Id. at n. 17.  No such specific requirements are contained in the notice of Claim provision of the policy. Eleventh Circuit cases applying Florida's rules of insurance policy construction

prohibit rewriting the terms of a policy to insert such requirements where the insurer chose to include only broad, vague notice provisions for reporting of Claims. *Buckley Towers Condo, Inc. v. QBE Ins. Corp.*, 395 F. App'x 659, 663 (11th Cir. 2010).

Crowley satisfied its reporting obligations under the policy when it provided notice of the investigation against Mr. Farmer in April 2008 and informed National Union that one of the documents evidencing that Claim – the search warrant affidavit – was unavailable and filed under seal. National Union was given notice "of a Claim," which is all that is required by the policy's reporting provisions. Crowley's inability to provide the search warrant affidavit until 2015, through no fault of its own, is not the same as failing to report the *existence* of the Claim until 2015. There is no language in the policy that dictates the result found by the panel here, and the panel should have resolved this issue in Crowley's favor, rather than applying issue preclusion.

## CONCLUSION

For the foregoing reasons, Crowley respectfully requests that the Eleventh Circuit grant this Petition to resolve the conflicts and exceptionally important issues of law described above.

Dated: August 13, 2019                    Respectfully Submitted,


                                          /s/ *John D. Shugrue*
                                          John D. Shugrue
                                          Thomas A. Marrinson
                                          Emily E. Garrison
                                          REED SMITH LLP
                                          10 South Wacker Drive, 40th Floor
                                          Chicago, IL  60606-7507
                                          Telephone:  (312) 207-1000
                                          Facsimile:  (312) 207-6400
                                          jshugrue@reedsmith.com
                                          tmarrinson@reedsmith.com
                                          egarrison@reedsmith.com

                                          *Attorneys for Plaintiff-Appellant / Petitioner*
                                          *Crowley Maritime Corporation*

# CERTIFICATE OF COMPLIANCE WITH RULE 35(b)(2)

1. This brief complies with the type-volume limitation of Fed. R. App. P. 35(b)(2) because this brief contains 2,930 words, exclusive of items required by 11th Cir. R. 35-5(a), (b), (c), (d), (j), and (k).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirement of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2003 in Times New Roman with 14 point type for text and 12 point type for footnotes.

/s/ *John D. Shugrue*
Counsel for Plaintiff-Appellant / Petitioner,
Crowley Maritime Corporation

Dated: August 13, 2019

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY service by overnight courier, next business day delivery and CM/ECF a true and correct copy of the foregoing along with 15 copies upon the following clerk of court, this 13th day of August, 2019:

> Clerk of Court
> U.S. Court of Appeals for the 11th Circuit
> 56 Forsyth St., N.W.
> Atlanta, Georgia 30303

I HERBY CERTIFY that on August 13, 2019, two copies of this Petition for Rehearing *En Banc* were served by overnight courier upon counsel of record for respondents:

Michael P. Duffy
Scarlett M. Rajbanshi
Peabody & Arnold, LLP, 6th Floor
600 Atlantic Ave.
Boston, MA 02210-2261
Email: mduffy@peabodyarnold.com
    srajbanshi@peabodyarnold.com

Stephen Hunter Johnson
Jason Benjamin Bloom
Forrest Andrews
Lydecker Diaz
1221 Brickell Ave 19th Flr
Miami, FL 33131-3240
Email: shj@lydeckerdiaz.com
    jbloom@lydeckerdiaz.com
    fla@lydeckerdiaz.com

An electronic version of the same was delivered to the Clerk and served electronically via the Court's CM/ECF system.

*/s/ Emily E. Garrison*
Counsel for Plaintiff-Appellant / Petitioner,
Crowley Maritime Corporation